Moss *et al.* *v.* New York El. R. Co. *et al.*

*(Superior Court of New York City, Special Term.*    October, 1891.)

1. Abatement of Action—Transfer by Plaintiff.

Under Code Civil Proc. § 756, providing that, in case of a transfer of interest, the action may be continued by or against the original party, a suit to enjoin the operation of an elevated railroad adjoining plaintiff's land will not abate by plaintiff's transfer of the land after trial and before judgment.

2. Judgment—Res Judicata—Setting Aside.

An injunction against the operation of an elevated railroad adjoining plaintiff's land, which the railroad company may avoid by tendering a specified sum for the easement, is binding on persons to whom plaintiff, after trial and before judgment, conveys the land; and the refusal of such grantees to convey the easement is not a ground for setting aside or modifying the judgment, since the duty of conveying is by the decree imposed on plaintiff, and may be made by him, notwithstanding his conveyance of the land.

Action by David Moss and Morris Goldstein against the New York Elevated Railroad Company and the Manhattan Railway Company to restrain the operation of a road adjoining plaintiffs' land. An award of past damages was made, and a perpetual injunction was granted, which defendants might avoid by tendering a certain sum for a deed of the easement, to be executed by plaintiffs. Defendants move to vacate the judgment. Denied. For report of action in the supreme court, see 13 N. Y. Supp. 46.

*Davies, Short & Townsend,* for the motion.    *Leo C. Dessar,* opposed.

McAdam, J.    The suit, which is in equity, to enjoin the running of the defendants' road, and for damages, was tried November, 1889, and decided November 5, 1890, judgment being awarded for $1,542 past damages, with a provision that, if $3,000 were paid, a conveyance of the easement should be executed and delivered to the defendants.    They now prove that after the trial, and before judgment, to-wit, on August 27, 1890, the plaintiffs conveyed the fee of the property to Denis Shea and others, and that the grantees refuse to execute the required release.    The defendants, on this evidence, said to be newly-discovered, move to set aside the judgment.    The action did not abate by the change of interest, (Code, § 756,[1]) and the grantees are as much bound by the judgment as though they had been parties, the pendency of the action being in the nature of a *lis pendens*.    The past damages certainly belong to the plaintiffs, and there should be no new trial as to those.    The $3,000 is to be paid only on the execution and tender of a release, and whether this comes from the plaintiffs or their grantees is of no consequence, so long as it accomplishes its purpose.    The grantees can maintain no other action while the judgment herein is of record, as it is a bar to any such proceeding.    This being so, the decree needs no modification, and the defendants require no relief.    How the plaintiffs arrange with the grantees or obtain the requisite release is of no consequence to the defendants, so long as they get a proper conveyance, duly executed, in a form sufficient to pass title to the easement.    Motion denied, without costs.

[1] Code Civil Proc. § 756, provides: "In case of a transfer or devolution of liability, the action may be continued by or against the original party," etc.